DUCKER, JUDGE:
Claimant, Retreading Research Associates, Inc., a Virginia corporation, of McLean, Virginia, seeks payment of $5,400.00 for services rendered to the Department of Finance and Administration in giving tests for mileage, durability, wearing and strength of automobile tires so that Respondent could determine the best tires for the State to purchase.
The evidence introduced by the Claimant consisted of the testimony of the President of the claimant company as to the work done and there was no contradiction of the facts related by him, and the only question involved in this matter is the legality of the agreement, the State’s position being that the contract was not approved by the Attorney General in accordance with the requirements of Chapter 5A, Article 3, Section 15 of the Code.
The evidence of the Claimant is that in the last few days of October, or the first few days of November, 1969, it received a call from the Director of the Division of Transportation of the State of West Virginia to the effect that there was a tire purchase contract in the process and the State would like to have test work done before November 20, 1969, the date for the acceptance of bids, to determine whether or not the tires involved in the bids submitted to the State were of equal quality and whether the low bid was, in fact, a good value. Following the conversation the Claimant was furnished with twelve tires, two tires from each of six companies that were bidding on a contract, and requested and directed Claimant to proceed with the testing contemplated. The tests showed the varying qualities of the tires and the Claimant so reported to *246 the State and the State was enabled to save money in its purchases. When the testing work was in process the Respondent assured the Claimant early in November that an order or written contract for the work would be forthcoming from the State and such an order dated November 14th was signed by both the Commissioner of the Department of Finance and Administration and by the Director of the Division of Purchasing, which order specified the sum of $5,400.00 as the contract price. When the work was completed, Claimant reported its findings before November 20th and the State had the benefit of the Claimant’s work. Claimant at the time of making its report to the State requested payment and stated that although it was customary for it to receive a formal written contract before proceeding, it had proceeded nevertheless with the work because of the urgency of the matter. Upon completion Claimant was advised that a check for payment was in the mail. Such check was never received and about two months later Claimant was advised that it could not be paid because the contract had not been approved by the Attorney General.
With the facts undisputed, we must decide whether or not this claim which was without approval of the Attorney General should be allowed as a moral obligation of the State.
Code 5A-3-15 requires contracts of this nature to be approved as to form by the Attorney General. Code 5A-3-17 allows for purchases in the open market in cases of emergency by compliance with special provisions applicable thereto. While this latter section of the Code may be considered as not applicable, and we do not consider it strictly applicable, but it does evidence a certain spirit of the law in that 5A-3-15 refers only to the matter of form. In the instant case the emergency was created by the Respondent, but the State officers in charge evidently felt the work necessary immediately in order to avoid costs of re-advertising and other expenses and inconveniences to bidders. The work here involved was necessary to be done before November 20th, the day of the tire letting contracts. However, we are not holding that this was such an emergency as is contemplated by the statute but we believe that the statute should be liberally construed, when to do so is equitable and fair.
*247 The statute requiring the approval by the Attorney General is as to form only. It was not intended for the Attorney General to pass upon the substance of the agreement, but only that the agreement was legally expressed. There seems to be no question that the form of the contract was correct because it was on the regular printed forms of the Department.
The requirement of the statute requiring the approval of such contracts by the Attorney General is a salutary one and this Court will not disregard it in any case which does not have special reason for not enforcing it. However, here there are, we think, special reasons why it should not be so strictly construed, when in all fairness and justice a strict application thereof would be unconscionable.
The Claimant has in all good faith performed the agreement upon the representations of high officers of the State, and being an out-of-state citizen or corporation should be allowed greater consideration in its dealings with the State where everything appears valid and all its conduct is unquestionably up and above board. According to the record the State has saved money by Claimant’s work and if Claimant is not paid, the State will be unjustly enriched at Claimant’s expense.
In view of all the facts this Court is of the opinion that this claim constitutes a moral obligation of the State, and we hereby award the Claimant the sum of $5,400.00.
Award of $5,400.00.